UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY JOHN PRATT,

       Petitioner,

                CASE NO. 04-CV-73776
v.               JUDGE AVERN COHN
                MAGISTRATE JUDGE PAUL J. KOMIVES

DAVID GUNDY,

       Respondent.
                             /

## REPORT AND RECOMMENDATION

*Table of Contents*

I.     RECOMMENDATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.    REPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

       A.     *Procedural History* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

       B.     *Standard of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

       C.     *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

       D.     *Conclusion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

III.   NOTICE TO PARTIES REGARDING OBJECTIONS: . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

I.    <u>RECOMMENDATION</u>: The Court should deny petitioner's application for the writ of habeas corpus.

II.    <u>REPORT</u>:

A.    *Procedural History*

1.    Petitioner Jeremy John Pratt is a state prisoner, currently confined at the Oaks Correctional Facility in Eastlake, Michigan.

2.    On August 31, 2001, petitioner was convicted of two counts of first degree murder, MICH. COMP. LAWS § 750.316, following a jury trial in the Macomb County Circuit Court. On September 25, 2001, he was sentenced to two terms of life imprisonment.

3.    Petitioner appealed as of right to the Michigan Court of Appeals raising, through counsel, the following claims:

> I.    The trial court, sitting as the trier of fact during the defendant's jury trial, abused its discretion in finding that the defendant's acts were premeditated and finding him guilty of probation violation.

The court of appeals found no merit to petitioner's claims, and affirmed his conviction and sentence. *See People v. Pratt*, No. 237762, 2003 WL 1878775 (Mich. Ct. App. Apr. 15, 2003).

4.    Petitioner, proceeding *pro se*, sought leave to appeal this issue to the Michigan Supreme Court. The Supreme Court denied petitioner's application for leave to appeal in a standard order. *See People v. Pratt*, 469 Mich. 911, 670 N.W.2d 222 (2003).

5.    On September 27, 2004, petitioner filed this application for the writ of habeas corpus, raising the following claim:

> I.    Insufficient evidence to establish that defendant committed murder with premeditation and deliberation.

6.    Respondent filed his answer on March 31, 2005. He contends that the petitioner's

claim is without merit.

B.      *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from

3

[the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's

resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

C. *Analysis*

Petitioner's claim addresses the sufficiency of evidence supporting his conviction. Petitioner contends that there was insufficient evidence presented that he committed murder with premeditation and deliberation, the requisite mental state to establish first degree murder under Michigan law.

The Due Process Clause of the Fourteenth Amendment "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship*, 397 U.S. 358, 364 (1970). Under the pre-AEDPA standard for habeas review of sufficiency of the evidence challenges, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). Reviewing courts must view the evidence, draw inferences, and resolve conflicting inferences from the record in favor of the prosecution. *See Neal v. Morris*, 972 F.2d 675, 678 (6th Cir. 1992). In determining the sufficiency of the evidence, the court must give circumstantial evidence the same weight as direct evidence. *See United States v. Farley*, 2 F.3d 645, 650 (6th Cir. 1993).

However, under the amended version § 2254(d)(1) a federal habeas court must apply a more deferential standard of review of the state court decision. Thus, the question here is whether the Michigan Court of Appeals's application of the *Jackson* standard was reasonable. *See Gomez*

*v. Acevedo*, 106 F.3d 192, 198-200 (7th Cir. 1997), *vacated on other grounds sub nom. Gomez v. DeTella*, 522 U.S. 801 (1998); *Restrepo v. DiPaolo*, 1 F. Supp. 2d 103, 106 (D. Mass 1998).

While a challenge to the sufficiency of the evidence on an established element of an offense raises a federal constitutional claim cognizable in a habeas corpus proceeding, *see Jackson*, 443 U.S. at 324, "[t]he applicability of the reasonable doubt standard . . . has always been dependent on how a State defines the offense that is charged in any given case." *Patterson v. New York*, 432 U.S. 197, 211 n.12 (1977); *see also*, *Jackson*, 443 U.S. at 324 n.16; *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975).  Thus, "[a] federal court must look to state law to determine the elements of the crime." *Quartararo v. Hanslmaier*, 186 F.3d 91, 97 (2d Cir. 1999).  Accordingly, it is necessary to examine the elements of murder under Michigan law.

Under Michigan law, first degree murder is defined as "[m]urder perpetrated by means of poison, lying in wait, or any other willful, deliberate, and premeditated killing." *See* MICH. COMP. LAWS § 750.316(a)(1).  "Premeditation is measured in time; time to permit a reasonable person to subject the nature of his response to a second look." *People v. Brown*, 137 Mich. App. 396, 407, 358 N.W.2d 592, 597 (1984).  "The elements of premeditation and deliberation may be inferred from the circumstances surrounding the killing." *People v. Anderson*, 209 Mich. App. 527, 537, 531 N.W.2d 780, 786 (1995).  Relevant factors include the relationship of the parties, the defendant's actions prior to the killing, the circumstances of the killing, and the defendant's conduct after the killing. *See id.*; *Brown*, 137 Mich. App. at 407, 358 N.W.2d at 597.

Petitioner's convictions arise from the death of his wife (Vialette) and his infant daughter (Natalya).  He contends there was insufficient evidence that he committed the murders with premeditation and deliberation.  The Michigan Court of Appeals rejected this claim, reasoning:

> The evidence showed that Vialette and Natalya were killed by manual and ligature strangulation. Defendant admitted that he strangled the victims with both his hands and ligatures, and that he moved back and forth and strangled each victim three times. Under such circumstances, a person would have a sufficient opportunity to take a second look at his actions. *People v. Johnson*, 460 Mich. 720, 733; 597 NW2d 73 (1999).

*Pratt*, 2003 WL 1878775, at *2, slip op. at 2.

Petitioner gave extensive testimony explaining how he committed murder on the night in question. He first started choking Vialette and stopped when he heard his infant daughter crying. *See* Trial Tr. Vol. VI at 64. He took time to leave the bed where he was strangling his wife to go to his daughter's crib, where he began to smother her. *See id*. at 65. Once there he covered her mouth and nose. *See id*. His decision to silence his child's crying could support an inference that he wanted to avoid detection. While he was smothering his daughter he heard his wife making noises and went back to her for a second time to strangle her with his arm around her neck. *See id*. at 65-66. During this time he heard his daughter making sounds, and went back to her a second time. *See id*. at 67. When he went to the crib the second time he covered his daughter's mouth and pinched her nose in a second attempt to smother her. *See id*. While he was strangling his daughter the second time he heard his wife was still alive and decided to find some bootlaces. *See id*. at 68. He then took a bootlace, wrapped it around Vialette's neck, and held it. *See id*. at 70. Sometime before he tied the bootlace around Vialette's neck he took time to tie her ankles and wrists. *See id*. at 74. After he was convinced his wife was dead he went to his daughter, knotted a bootlace around her neck, and held it. *See id*. at 72. The multiple times petitioner went back and forth between the victims supports an inference that petitioner had an opportunity to take a second look at his actions. *Brown*, 137 Mich. App. at 407, 358 N.W.2d at 597.

In addition, petitioner cut the cord on the upstairs phone during the time he was strangling

his victims. *See* Trial Tr., Vol VI at 76-77. He also went downstairs and unplugged the phone there. *See id.* at 81. These actions support the inference that petitioner knew he had committed a crime and wanted to avoid immediate detection. He also went downstairs to look for a hammer, *see id.* at 52, and was prepared to use it on his sister-in-law who was sleeping down stairs to avoid immediate detection. Evidence of the circumstances of this crime support the inference that petitioner premeditated the killings and deliberately committed them. *See Anderson*, 209 Mich. App. at 537, 531 N.W.2d at 786.

D.   *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claim did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus.

III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR

72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: 7/8/05

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on July 8, 2005.
>
> s/Eddrey Butts
> Case Manager